Entered on Docket
February 10, 2014
EDWARD J. EMMONS, ACTING CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHARLENE GOODRICH,                                                       No. 13-11223

                                Debtor(s).
_____/

Memorandum on Motion to Dismiss
_____

       Debtor Charlene Goodrich is a 78-year-old woman who has proposed a Chapter 13 plan, funded by her retirement savings and social security benefits, which will pay a meaningful dividend to her creditors. Creditors Richard Abel, Carl Barnes and Henry Crilger have moved the court for dismissal of her case on grounds that Goodrich is a stockbroker. Section 109(e) of the Bankruptcy Code makes Chapter 13 unavailable to stockbrokers and commodity brokers.

       Goodrich has never been a stockbroker. She was a mortgage broker. Movants argue that the definition of "stockbroker" in the Code is broad enough to include mortgage brokers. The court is reluctant to reach this conclusion, both because it sees no justice in tossing a 78-year-old good faith filer out of Chapter 13 and because Congress could have easily used the term "securities broker" instead of "stockbroker" if it truly intended to deny persons like Goodrich relief under Chapter 13.

       Movants base their argument on § 101(53A)(B) of the Code, which encompasses persons "engaged in the business of effecting transactions in securities." The court agrees that this language is sufficient to include mortgage brokers. However, movants gloss over § 101(53A)(A), which provides

1

that in order for a person to be considered a stockbroker there must be a customer, as defined in section 741 of the Code.

Section 741(2) provides that a "customer" includes an entity that has a claim against a person "on account of a security received, acquired or held by such person in the ordinary course of such person's business *as a stockbroker*." (Emphasis added). The court considers these last three words crucial. If Congress truly intended all securities brokers to be considered stockbrokers, then these words are superfluous. Their addition leads the court to conclude that only true stockbrokers, and not all dealers in securities, are barred from Chapter 13. Movants have cited no cases, nor has the court found any, defining "stockbroker" so widely as to include anyone who is not a true stockbroker as the term is commonly defined.

Movants are not customers under § 741(2)(B) either. Section 741(2)(B)(i) refers back to § 741(2)(A), and § 741(2)(B)(ii) applies to claims arising out of deposits; Movants' claims arise out of a completed investment gone bad.

Movants originally sought dismissal on the alternative grounds that their claims caused Goodrich's debt exceeded the dollar limits of § 109(e). It appears that these claims should not count against the limit because they were unliquidated at the time of filing. However, this issue has become moot because the claims have been liquidated after filing in an amount which does not cause Goodrich's debts to exceed the debt limit.

For the foregoing reasons, the motion to dismiss will be denied. Counsel for Goodrich shall submit an appropriate form of order.

Dated: February 9, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge