UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHARLENE GOODRICH,                                                    No. 13-11223

Debtor(s).
_____/

Memorandum on Plan Confirmation and Objection to Claim of Exemption
_____

Debtor Charlene Goodrich is 78 years old.  She has filed a plan, funded out of her retirement benefits, which would pay a meaningful dividend to her creditors.  Several related creditors have filed objections to the plan.  One of them, Richard Abel, has filed an objection to a claim of exemption.  The crucial matter is whether a particular IRA in the amount of about $229,000.00 would be exempt if Goodrich were in Chapter 7.

There is generally no point in a creditor objecting to a claim of exemption in Chapter 13, except perhaps to highlight a plan deficiency.  Pursuant to § 1325(a)(4) of the Bankruptcy Code, the debtor has the burden of showing that a creditor would not receive more in Chapter 7 than the debtor's plan provides.  Pursuant to Rule 4003(c) of the Federal Rules of Bankruptcy Procedure, an objecting creditor bears the burden of proving an exemption is not properly claimed.  Most creditors therefore prefer objecting to the plan rather than bringing a separate objection to an exemption.  In this case, the court cannot determine from the evidence presented whether or not the IRA is properly exempt.  This inability requires both overruling the objection to the exemption and denying confirmation.

1

The evidence established only that Goodrich allowed her disabled daughter to live in property which is an asset of the IRA, "at a cost of $335 per month." Goodrich argues "That is a prohibited transaction under the IRC, but that is an issue between Goodrich and the Internal Revenue Service, it is not an issue for this court; the prohibited transaction does [not] impact the claim of exemption of the account."

The court does not understand Goodrich's position. Since Goodrich has elected to claim the IRA exempt under California law, her right to exempt it is governed by § 522(b)(3)(C) of the Bankruptcy Code. Pursuant to § 522(b)(4), the IRA is presumed exempt if the it has received a favorable determination from the federal government. If there has been no such favorable determination but no unfavorable determination, then the IRA is exempt if it is in "substantial compliance" with the Internal Revenue Code. Neither Goodrich nor the objecting creditors have seen fit to give the court all of the facts regarding Goodrich's use of the IRA, nor explained to the court exactly what provisions of the Internal Revenue Code Goodrich may have violated, nor briefed the issue of whether or not any violations were so substantial as to cause the IRA to lose its exempt status. Without this information and argument, the creditors cannot meet their burden in objecting to the exemption and Goodrich cannot establish that her plan meets the requirement of § 1325(a)(4).

For the foregoing reasons, the creditors' objection to the claim of exemption will be overruled and confirmation of Goodrich's plan will be denied, both without prejudice. Any party may submit an appropriate form of order.

Dated: February 18, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

2