UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHARLENE GOODRICH,   No. 13-11223

                    Debtor(s).
_____/

Second Memorandum on Plan Confirmation
_____

      Debtor Charlene Goodrich has proposed a Chapter 13 plan funded out of what she argues are exempt retirement benefits. Creditor Richard Abel objects. The crucial issue is whether a particular IRA in the amount of about $229,000.00 would be exempt if Goodrich were in Chapter 7. If the IRA is exempt, then the plan meets all the requirements of law and must be confirmed. If the IRA is not exempt, then creditors would receive less under the plan than they would receive in Chapter 7 and the plan cannot be confirmed. The court previously denied confirmation of the plan because the law regarding this exemption had not been fully briefed. New briefs have now been filed, and the court accordingly revisits confirmation.

      The evidence established that Goodrich rents a home owned by her IRA to her disabled daughter for $355 per month. Goodrich argued: "That is a prohibited transaction under the IRC, but that is an issue between Goodrich and the Internal Revenue Service, it is not an issue for this court; the prohibited transaction does [not] impact the claim of exemption of the account." The court did not understand the debtor's position, which seemed contrary to § 522(b)(3)(C) of the Bankruptcy Code. The court now understands, or at least thinks it understands. Its best stab at proper analysis follows.

1

Section 522(b)(1) of the Code provides that a debtor may select either the property exempt under § 522(d) or property listed in § 522(b)(3). However, the former is not an available choice if the debtor's state has "opted out" of § 522(d). California has opted out, so Goodrich is entitled to the exemptions listed in § 522(b)(3).

Included in § 522(b)(3) is any property exempt under state law. In addition, § 522(b)(3)(C) provides an additional exemption for retirement funds. The use of "and" after § 522(b)(3)(B) makes it clear that if state exemption laws allow an exemption of retirement funds then the debtor may exempt retirement funds under either state law or § 522(b)(3)(C). Only if the latter is chosen do the detailed provisions of § 522(b)(4) apply. In this case, Goodrich has exempted the IRA at issue under California Code of Civil Procedure § 704.115. Therefore, California law and not § 522(b)(4) governs her right to the exemption.[1]

The issue is whether under California law an IRA loses its exempt status if it has engaged in a transaction prohibited by the Internal Revenue Code. The court's analysis leads it to the conclusion that Goodrich's view of the law is incorrect and Abel's objection must be sustained, albeit under a different statutory analysis than he urges.

Pursuant to CCP § 704.115(a)(3), only an IRA qualified under section 408 of the Internal Revenue Code falls within the definition of a "private retirement plan."[2] Section 408(e)(2) of the Internal Revenue Code provides that if an individual engages in any transaction prohibited by 26 U.S.C § 4975, then the IRA ceases to be an individual retirement account. Pursuant to §

---

[1] Objecting creditor Abel either does not understand this analysis or disagrees with it, as his objection relies strongly on the language of § 522(b)(3)(C) and § 522(b)(4).

[2] Section 704.115(a)(3) provides:
(3) Self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue Code of 1986 [footnote omitted] as amended, including individual retirement accounts qualified under Section 408 or 408A of that code, to the extent the amounts held in the plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under that code.

2

4975(c)(1)(A), lease of plan property to a disqualified person is a prohibited transaction.[3] Pursuant to § 4975(e)(2)(F), a family member is a disqualified person and pursuant to § 4975(e)(6) a lineal descendant is a family member.

The court has found no case under California law holding that a claim of exemption in a retirement account must be overruled if there has been a prohibited transaction. However, there are numerous cases under either § 522(b)(3)(C) of the Bankruptcy Code or other state laws which so hold. See, e.g, *In re Sutton-Robertson,* 472 B.R. 77, 85 (Bkrtcy.D.Ariz.2012); *In re Daniels,* 452 B.R. 335, 350-51 (Bkrtcy.D.Mass.2011); *In re Hughes,* 293 B.R. 528, 530 (Bkrtcy.M.D.Fla.2003); *In re Hahn,* 2012 WL 5908703 (E.D.Mich. 2012); *In re Williams,* 2011 WL10653865*7 (Bkrtcy.E.D.Cal. 2011). The court sees no basis for a different result under California law.

Applying the above analysis, Goodrich's IRA ceased to be an exemptible private retirement plan when its property was rented to Goodrich's daughter. If this case were a Chapter 7 case, the Chapter 7 trustee could bring the IRA into the bankruptcy estate for the benefit of creditors. Accordingly, Goodrich's plan does not meet the requirements of § 1325(a)(4) of the Bankruptcy Code and cannot be confirmed.

For the foregoing reasons, the court will deny confirmation of Goodrich's plan. A separate order will be entered.

Dated: May 29, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

---

[3] Use of a plan asset by a disqualified person is also a prohibited transaction pursuant to § 4975(c)(1)(D).

3